IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, ) | |
| Plaintiff, ) | |
| v. ) | |
| HARTFORD IRON & METAL, INC., *et. al.*, ) | Underlying Litigation: |
| Defendants. ) | Civil No: 1:14-cv-6-RLM-SLC |
| ) | United States District Court |
| HARTFORD IRON & METAL, INC., *et. al.*, ) | Northern District of Indiana |
| Third-Party Plaintiffs, ) | |
| v. ) | |
| CONTINENTAL INSURANCE COMPANY, *et. al.*, ) | |
| Third-Party Defendants. ) | |

**PLAINTIFF VALLEY FORGE INSURANCE COMPANY'S
MOTION TO COMPEL NON-PARTY KERAMIDA, INC.
TO COMPLY WITH DOCUMENT SUBPOENA**

Pursuant to Fed. R. Civ. P. 45, Plaintiff Valley Forge Insurance Company ("Valley Forge") hereby moves this Court for an order compelling Keramida, Inc. ("Keramida") to comply with a document subpoena that Valley Forge served on it in connection with the captioned underlying litigation, which is pending in the United States District Court for the Northern District of Indiana (Civil No: 1:14-cv-6-RLM-SLC). In support of its motion, Valley Forge states as follows:

**I.
BACKGROUND**

The underlying litigation involves disputes between Valley Forge Insurance Company ("Valley Forge") and Hartford Iron & Metal, Inc. ("Hartford Iron") concerning their respective rights and obligations in connection with the remediation of a contaminated site in Hartford City, Indiana. On September 8, 2015 the United States District Court for the Northern District of Indiana, Fort Wayne Division, entered an order in the underlying litigation setting October 22,

2015 as a hearing date for Hartford Iron's "Emergency Motion for Hearing for Declaratory Judgment." Doc. No. 194.  The focus of this motion was whether Valley Forge was required to fund the construction of a stormwater retention system that Keramida designed in the precise manner that Hartford Iron and/or Keramida demanded.  Doc. No. 191.

In connection with both that hearing and the underlying litigation in general, Valley Forge served Keramida with a document subpoena for materials related to the stormwater retention basin.  *See* Doc. No. 224-1.  The subpoena was properly served on Keramida at its Indianapolis office on October 13, 2015, with production to take place at the Indianapolis office of Hunt Suedhoff Kalamaros LLP (less than 10 miles away).  *Id.*

On October 15, 2015 Hartford Iron's attorney of record, Mark E. Shere, served objections to the subpoena on Valley Forge, and produced an incomplete set of documents, purportedly in response to the subpoena.  Mr. Shere served these objections and documents as attorney for Hartford Iron on behalf of Keramida.[1]  Ex. 1.

A motion similar to this one was filed in the underlying action.  Doc. No. 260.  Neither Hartford Iron nor Keramida responded to that motion.  However, that motion was denied because the Court concluded that had no authority to rule on it since compliance was required in a separate district (*i.e.*, this Court).  Doc. No. 272.

Keramida is not a party to the underlying litigation, and no attorney has ever filed an appearance on its behalf in that suit.  No one purporting to represent Keramida has responded to the subpoena in any way.  The documents that Hartford Iron produced in response to the

---

[1] Valley Forge subsequently served a testimonial and document subpoena on Keramida, requiring it to appear at the hearing on October 22, 2015 with the pertinent documents.  *See* Doc. Nos. 225-1; 226-1.  On October 22, the Court denied the relief Hartford Iron sought in its motion leading to the emergency hearing, thereby rendering this testimonial subpoena moot.  See Doc. No. 244.  However, Valley Forge's original document subpoena, which is the subject of this proceeding, remains pending.

subpoena were incomplete. Neither Keramida nor Hartford Iron have provided any privilege log for documents responsive to the subpoena that have been withheld, despite Hartford Iron's privilege claims.

## II.
## EFFORTS TO RESOLVE DISPUTE

Valley Forge was unsure of the identity of the attorney representing Keramida. Accordingly, it copied the attorney whom Mr. Shere had indicated represented Keramida, Mr. Dan Strahl, on two "meet-and-confer" emails that Valley Forge sent to Mr. Shere concerning the subpoena on October 16 (5:51 AM EDT) and October 19 (11:47 AM EDT). *See* Exs. 2; 3. Valley Forge received no response to these emails from Mr. Strahl, despite the fact that the emails repeatedly raised the question of who was representing Keramida. Valley Forge also sent a separate email to Mr. Shere on October 19, 2015 at 11:52 AM EDT, to the extent that the objections that Valley Forge received on October 15 were made on Hartford Iron's behalf only, and not on behalf of Keramida. Ex. 4. Mr. Shere responded to this email (and the other October 19 email) by stating that Hartford Iron would evaluate Valley Forge's objections and determine if any additional response is necessary. Ex. 5. Mr. Shere did not indicate whether he represented Keramida. Valley Forge received no further response from Hartford Iron, Mr. Shere, Keramida, or Mr. Strahl.[2] Thus, Valley Forge brings this motion to compel Keramida to produce documents responsive to the document subpoena at issue.

---

[2] Valley Forge subsequently filed a Motion to Compel Response to Document Production by Keramida in the Northern District of Indiana on November 3, 2015, to which Hartford Iron did not respond. *See* Doc. No. 260. The Court denied that motion on November 18, as the Southern District of Indiana is the proper venue for compliance due to the required production at Hunt Suedhoff Kalamaros LLP's Indianapolis office. *See* Doc. No. 272.

### III.
### ARGUMENT

Keramida has simply ignored the subpoena at issue. It has served no objections and has filed no motion to quash. Through this motion, Valley Forge requests an order directing Keramida to respond in full pursuant to Fed. R. Civ. P. 45(d)(2)(b)(i), which provides, "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

**A.    KERAMIDA HAS WAIVED ANY AND ALL OBJECTIONS BY IGNORING A PROPERLY ISSSUED SUBPOENA AND SHOULD BE ORDERED TO COMPLY FORTHWITH**

A non-party who has been properly served with a subpoena under Fed. R. Civ. P. 45 must appear and either serve timely objections to the subpoena, or file a timely motion to quash it. *See* under Fed R. Civ. P. 45(d)(2)(B); 45(d)(3)(B). To be timely, objections must be filed within fourteen days of service of the subpoena. *Id*. A non-party who fails to comply with these simple requirements waives its objections to the subpoena. *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006); *Brogren v. Pohlad,* 1994 U.S. Dist. LEXIS 16244, *1 (N.D. Ill. Nov. 10, 1994).

When objections are properly filed (and they were not in this case) "the burden of persuasion in a motion to quash a subpoena ... is borne by the movant." *WM High Yield*, 460 F. Supp. 2d at 895. *See also Pettit v. City of Columbus*, 2005 U.S. Dist. LEXIS 48173, at *2 (S.D. Ind. Sep. 9, 2005); *Malibu Media, LLC v. Doe,* 2012 U.S. Dist. LEXIS 170987, *5-6 (N.D. Ind. Dec. 3, 2012). If the objection to the subpoena is based on privilege, the movant "has the burden of demonstrating that the information sought is privileged." *Dean Foods Co. v. Pleasant View Dairy Corp.,* 2011 U.S. Dist. LEXIS 1343, *6 (N.D. Ind. Jan. 5, 2011) (quoting *McGrath v. Everest Nat. Ins. Co.,* 2009 U.S. Dist. LEXIS 40513 (N.D. Ind. May 13, 2009)). *See also Brake*

*Plus LLC v. Kinetech LLC*, 2015 U.S. Dist. LEXIS 17185, at *7 (S.D Ind. Feb. 11, 2015); *Pain Ctr. of SE Ind., LLC v. Origin Healthcare Solutions LLC*, 2015 U.S. Dist. LEXIS 60461, at *5 (S.D. Ind. May 8, 2015). To meet this burden:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).

Thus, Keramida was required to assert privilege and to create and produce a privilege log meeting the requirements of Fed. R. Civ. P. 26(b)(5). Having failed to do so, Keramida has waived any objection that it might have raised to the subpoena. *Teton Homes Eur. v. Forks RV*, 2010 U.S. Dist. LEXIS 96109, *7-9 (N.D. Ind. Sept. 14, 2010); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006).

## IV.
## CONCLUSION

In summary, Valley Forge's properly served its subpoena on Keramida, and Keramida failed to serve any objections or to support any privilege claims it might have with a privilege log of any kind. Accordingly, Keramida has waived any objections that it might have had to producing the materials responsive to the subpoena.

WHEREFORE, Valley Forge Insurance Company respectfully requests that this Court issue an order directing Keramida, Inc. to produce all documents responsive to the subpoena at issue to Valley Forge, and providing Valley Forge with such other and further relief as this Court deems just and equitable.

Dated:  November 24, 2015         Respectfully submitted,

                  */s/ Jan M. Michaels*_____
                  Jan M. Michaels
                  Steven Schulwolf
                  Thomas D. Ferguson
                  MICHAELS, SCHULWOLF
                  & SALERNO, P.C.
                  300 South Wacker Drive
                  Suite 1650
                  Chicago, Illinois 60606
                  Telephone: 312.428.4734
                  Facsimile: 312.575.8679
                  sschulwolf@msslawpc.com
                  jmichaels@msslawpc.com
                  tferguson@msslawpc.com

                  Philip E. Kalamaros
                  HUNT SUEDHOFF KALAMAROS, LLP
                  301 State Street, 2nd Floor
                  St. Joseph, MI 49085
                  Telephone: 269.983.4405
                  Facsimile: 269.983.5645
                  pkalamaros@hsk-law.com

                  *Attorneys for Valley Forge Insurance Company.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 24, 2015, a true and correct copy of Plaintiff Valley Forge Insurance Company's Motion to Compel Non-Party Keramida, Inc. to Comply with Document Subpoena was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice was sent to Keramida by certified U.S. Mail on November 24, 2015.

*/s/Jan M. Michaels*