# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-mc-00103-TWP-DML |
| ) | |
| HARTFORD IRON & METAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTIAL INSURANCE COMPANY, ) | |
| ) | |
| Third Party Defendant. ) | |
| _____ ) | |
| ) | |
| KERAMIDA, INC., ) | |
| ) | |
| Interested Party. ) | |

## ENTRY ON PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL

Before the Court is Plaintiff Valley Forge Insurance Company's ("Valley Forge") Objection to the Magistrate Judge's Order on Motion to Compel (Filing No. 17). Valley Forge initiated this miscellaneous matter, seeking an order to compel Keramida, Inc., ("Keramida") an environmental remediation firm, to respond to a non-party subpoena that requested the production of documents. Valley Forge requested certain documents from Keramida, who is working as an environmental contractor for Hartford Iron & Metal, Inc. ("Hartford Iron"). Valley Forge and Hartford Iron are involved in underlying litigation in the United States District Court for the Northern District of Indiana ("Northern District Court"). That underlying litigation involves an environmental cleanup project at Hartford Iron's scrap metal plant. As one of the insurers

involved, Valley Forge is providing some funding for the environmental remediation of the Hartford Iron site.

After serving the non-party subpoena on Keramida and receiving no response, Valley Forge filed its Motion to Compel in this Court. The Court referred Valley Forge's Motion to Compel to the Magistrate Judge for a decision. On January 11, 2016, the Magistrate Judge issued an Order denying the Motion to Compel and also denying the related requests to strike a responsive filing and for sanctions ([Filing No. 15](#)). Valley Forge filed a timely Objection to the Magistrate Judge's Order ([Filing No. 17](#)) asserting that the Order denying the Motion to Compel is clearly erroneous and contrary to law. For the following reasons, the Court **SUSTAINS** Valley Forge's Objections and the Order is modified as detailed herein.

## I.  LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## II. BACKGROUND

In the underlying litigation between Valley Forge and Hartford Iron, on September 8, 2015 the Northern District Court set a hearing for October 22, 2015, on Hartford Iron's "Emergency Motion for Hearing for Declaratory Judgment." That motion sought a determination of whether Valley Forge was required to fund certain remediation work that Keramida designed and would implement at the Hartford Iron site. In preparation for the emergency hearing and the ongoing litigation, Valley Forge served Keramida with a non-party subpoena for documents related to the Hartford Iron site. The subpoena was served on Keramida at its Indianapolis, Indiana office on October 13, 2015. The subpoena directed a response by October 16, 2015, at 10:00 a.m., less than 72 hours later. On October 15, 2015, Hartford Iron's attorney, Mark E. Shere, served objections to the subpoena and produced some documents. These objections and document production were purportedly given on behalf of Hartford Iron and Keramida in response to the subpoena.

Not satisfied by Hartford Iron's response on behalf of Keramida and the limited document production, Valley Forge filed a motion to compel in the Northern District Court, seeking to compel Keramida to respond to the subpoena. That motion was denied because the Northern District Court concluded it had no authority to rule on the motion since compliance with the subpoena was required in this district. Thus, Valley Forge initiated this miscellaneous matter. The motion to compel was referred to the Magistrate Judge. On January 11, 2016 the Magistrate Judge issued an Order which denied Valley Forge's motion to compel. (Filing No. 15).

## III. DISCUSSION

### A. Magistrate Judge's Order

The Magistrate Judge's Order denies Valley Forge's Motion to Compel on the basis that the subpoena facially imposes an undue burden on non-party Keramida. The Order explains that

3

the subpoena sought seventeen categories of documents—some of which were not related to Keramida's work at the Hartford Iron site—and demanded production of the documents within 72 hours. Such a quick turnaround was clearly unduly burdensome if not impossible altogether.

The Order notes that some of the documents requested in the non-party subpoena also were sought in discovery requests to Hartford Iron, and Hartford Iron had produced some documents. Additionally, the Order explains that Valley Forge's only argument in the Motion to Compel was that Keramida's opportunity to object to the subpoena was waived by its failure to respond or object. The Order explains that, because waiver was the only argument raised without any substantive argument and without any proposed modification to the scope or timing of the subpoena, the Motion to Compel was denied because of its facially unduly burdensome scope and timing. The Magistrate Judge's Order notes that Rule 45(d)(1) requires the Court to enforce an issuing party's duty to avoid imposing an undue burden or expense on a subpoenaed non-party. Thus, it is immaterial whether Keramida failed to object or that an individual without standing to lodge an objection (Hartford Iron's attorney) is the person who actually objected; the Court will protect non-parties from unduly burdensome subpoenas.

As the Magistrate Judge's Order noted, the scope of discovery available through a Rule 45 subpoena generally is measured by the same broad relevancy standard applicable to party discovery under Rule 26(b)(1). *See, e.g., Jackson v. Brinker*, 147 F.R.D. 189, 193–94 (S.D. Ind. 1993) (citations omitted) ("The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. . . . [I]f material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of subpoena."). Rule 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**B.     Valley Forge's Objections**

Valley Forge objected to the Magistrate Judge's Order on the bases that it incorrectly relied on the 72-hour response time in the subpoena which had already passed and was not controlling because the Motion to Compel sought production of documents fourteen days after this Court's order on the Motion. Valley Forge asserts that it is clearly erroneous to determine that a subpoena is unduly burdensome based on a 72-hour response time that is no longer applicable, especially when the Court has the authority to modify the request instead of outright denying it. Valley Forge's Motion to Compel was not even filed until after the specific date noted in the subpoena had passed. Valley Forge explains that motions such as this are filed in courts to compel documents to be produced when the time set for response has passed and either no response, or an inadequate one, has been made. By the very nature of the post-noncompliance process, the original period for response is really not at issue. In addressing motions to compel, trial courts have the power and duty to set a response time to whatever they deem appropriate. Courts issue orders compelling production with a new timetable regardless of the first timetable. It is not unusual for courts to also give parties and non-parties second chances and give time not only to produce documents but also to submit new objections or even order privilege logs where none were timely offered in the first place. In its Motion to Compel, Valley Forge requested a 14-day period in which Keramida could respond. Thus, Valley Forge argues, the Magistrate Judge's Order was predicated on a false premise and was clearly erroneous.

The Court is persuaded that it was clearly erroneous to base the denial of the Motion to Compel on the 72-hour response time that was set in the original subpoena. Orders on motions to

compel, by their very nature, do not hold to the original production deadline, but rather, they set a new deadline for an individual to respond to the document request.

Valley Forge also asserts that the Order was clearly erroneous because it was based on a misperception regarding the volume of documents requested in a short time period. Relying on the factors to consider under Rule 26(b)(1), Valley Forge points out that the underlying environmental remediation at issue involves millions of dollars among the parties and also non-parties such as Keramida, who is making a demand on Valley Forge for a down payment on just a portion of the project in the amount of several hundred thousand dollars. While Keramida may be a non-party to the lawsuit, it still has a large stake in its outcome. Thus, the requests made by Valley Forge on Keramida are relevant and go to the precise issues raised in the lawsuit by all parties.

Valley Forge argues that Keramida holds itself out to be one of the industry's top professionals and nationally recognized experts with cutting edge technology. The documents Valley Forge seeks should be within a few keystrokes of such a business. Any ordinary conflict of interest system, email system, document storage system, word processing system, and accounting system should yield the information requested by Valley Forge without much trouble. Simply pulling up Hartford Iron's file should gather most of the documents requested by Valley Forge.

Further, Valley Forge argues that the Magistrate Judge's Order suggests that the documents sought from Keramida are within the possession of Hartford Iron. Valley Forge explains that this is not accurate. The subpoena makes seventeen requests related to the relationship between Hartford Iron and Keramida; the work done and proposed to be done by Keramida at the Hartford Iron site; arrangements, agreements, and payments made to Keramida for this project; other

instances of arrangements by Keramida with the relevant parties in this case; and similar arrangements as those demanded in this case with other entities. Valley Forge acknowledges that there may be some documents that would be in Hartford Iron's possession; however, it is self-evident that Hartford Iron would not be in possession of Keramida's files, Keramida's records, Keramida's email, Keramida's correspondence files, and Keramida's accounting information. Valley Forge is entitled to get information from the most reliable source possible—the original source.

The Court notes that the Magistrate Judge's Order did not explicitly analyze the factors listed in Rule 26(b)(1) when denying the Motion to Compel. But the Order did discuss the need to protect non-parties from unduly burdensome requests and noted that some of the documents requested in the non-party subpoena also were sought in discovery requests to Hartford Iron, and Hartford Iron had produced some documents. However, Hartford Iron may not be in possession of all documents requested in the subpoena. In addition to the documents Valley Forge noted, another such category of documents could be any correspondence from the Indiana Department of Environmental Management to Keramida that Keramida did not forward to Hartford Iron. The Court is persuaded by Valley Forge's argument concerning the needs of the case, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the parties' resources.

Next, Valley Forge objected to the Magistrate Judge's Order because it disregarded the law regarding who can make what objections to a subpoena. Valley Forge asserts that the identity of who objects to a subpoena is material to the determination of compelling the production of documents. Valley Forge acknowledged that Hartford Iron has standing to raise its own objections to a non-party subpoena, particularly privilege claims, and to have them adjudicated. However,

Hartford Iron cannot raise objections for Keramida.  Citing *Bramell v. Aspen Exploration, Inc.*, 2008 U.S. Dist. LEXIS 72674 (S.D. Tex. Sept. 24, 2008) and *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005), Valley Forge asserts that a party may move to quash a non-party subpoena if the party can show a personal right or privilege with respect to the materials subpoenaed, but "[a] party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself . . . ."  8A Charles Alan Wright et al., Federal Practice and Procedure § 2035 (3d ed. 2014).  Additionally, "[a] party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party.  Rather, the moving party must assert some right or privilege personal to it."  *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 U.S. Dist. LEXIS 158448, at *5 (S.D.N.Y. Nov. 5, 2012) (citations omitted).

In response, Hartford Iron argues that under established law, "a party to the underlying action" may object and respond to a third-party subpoena that "directly implicates the party's privilege or rights," quoting from *Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 25 (Dist. D.C. 2011).  Hartford Iron then asserts that it properly responded to the subpoena on Keramida's behalf and properly raised standard claims of privilege and confidentiality that implicate Hartford Iron's interests.  However, the case relied upon by Hartford Iron does not provide a right to object or respond on behalf of a non-party subpoenaed entity.  Rather, that case explains that "a party to the underlying action may move to quash the subpoena where the subpoena directly implicates the party's privilege or rights."  *Schloemer*, 274 F.R.D. at 25.  Moving to quash a subpoena because it directly implicates one's own privilege or rights is not the same as objecting to a subpoena on behalf of another person or entity.  It appears that Hartford Iron never filed a motion to quash, and it never attempted to show through such a motion that its rights or

8

privileges were implicated by the subpoena to non-party Keramida. Furthermore, Hartford Iron never produced a privilege log to document any claimed privilege. Accordingly, the Court determines that it was erroneous to avoid this issue in light of the case law that was presented.

Finally, Valley Forge objected to the Magistrate Judge's Order on the basis that it ignored Keramida's and Hartford Iron's obligations to provide a privilege log when documents were withheld because of a privilege. Without any analysis, the Order excuses Keramida from any obligation to create a privilege log. The Federal Rules of Civil Procedure require a privilege log when documents are withheld based on privilege, thus this conclusion was clearly erroneous.

### IV.  CONCLUSION

For the foregoing reasons, the Court determines that the Magistrate Judge's Order was clearly erroneous in denying Valley Forge's Motion to Compel. Therefore, under Rule 72(a), the Court **MODIFIES** the Magistrate Judge's Order ([Filing No. 15](Filing No. 15)) to **GRANT IN PART** Valley Forge's Motion to Compel. Keramida is **ORDERED** to respond to Valley Forge's subpoena within **thirty (30) days** from the date of this Order.

In light of the Court's Rule 45 obligation to protect non-parties from undue burden and expense, and after considering the factors listed in Rule 26(b)(1), the Court determines that it would be an undue burden to require non-party Keramida to respond to document requests 7 and 17 in Valley Forge's subpoena. Therefore, Valley Forge's Motion to Compel is **DENIED as to these two requests**.[1]

---

[1] These two requests are:

> 7. All Documents Related to each prior instance in which You have required a party funding a project to make an advanced payment prior to beginning the project that exceeded 25% of Your budget for the relevant project.
>
> 17. All Documents Related to any Keramida invoices paid by any CNA-related insurer since January 1, 2004, for services Keramida has provided in connection with environmental remediation work. For purposes of this request, any "CNA-related insurer" includes: Valley Forge Insurance Company,

The Court declines to modify or set aside the Magistrate Judge's Order regarding the parties' requests for sanctions and Valley Forge's motion to strike.

**SO ORDERED.**

Date: 4/19/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dan L. Strahl
dstrahl@strahlapple.com

Mark Eliot Shere
ms@sherelaw.com

Philip Edward Kalamaros
HUNT SUEDHOFF KALAMAROS
pkalamaros@hsk-law.com

Jan Michael Michaels
MICHAELS SCHULWOLF & SALERNO, PC
jmichaels@msslawpc.com

Thomas D. Ferguson
MICHAELS SCHULWOLF & SALERNO, PC
tferguson@msslawpc.com

Steven Schulwolf
MICHAELS SCHULWOLF & SALERNO, PC
sschulwolf@msslawpc.com

---

The Continental Insurance Company, National Fire Insurance Company of Hartford successor by merger to Transcontinental Insurance Company, and Continental Casualty Company.