# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-mc-00103-TWP-DML |
| ) | |
| HARTFORD IRON & METAL INC. *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| v. ) | |
| ) | |
| HARTFORD IRON & METAL, INC., *et al.*, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL INSURANCE CO., *et al.*, ) | |
| ) | |
| Third Party Defendants ) | |
| _____ ) | |
| ) | |
| KERAMIDA, INC., and ) | |
| HYDROTECH CORPORATION, ) | |
| ) | |
| Interested Parties. ) | |

## ENTRY ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER AND ORDER DEFENDANT'S MOTION TO STRIKE

This matter is before the Court on Plaintiff Valley Forge Insurance Company's ("Valley

Forge") Objection to Magistrate Judge's Order on Motion to Show Cause (Filing No. 68). Also

before the Court is a Joint Motion to Strike Improper Filings at ECF 73 and ECF 75 (Filing No.

76) filed by Defendant Hartford Iron & Metal Inc.'s ("Hartford Iron") and Interested Party

Keramida Inc.'s ("Keramida").  For reasons stated below, the Court **overrules** Valley Forge's

Objection and **grants** Hartford Iron's and Keramida's Joint Motion to Strike.

## I.    LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate

judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a
> magistrate judge to hear and decide, the magistrate judge must promptly conduct
> the required proceedings and, when appropriate, issue a written order stating the
> decision.  A party may serve and file objections to the order within 14 days after
> being served with a copy.  A party may not assign as error a defect in the order not
> timely objected to.  The district judge in the case must consider timely objections
> and modify or set aside any part of the order that is clearly erroneous or is contrary
> to law.

Fed. R. Civ. P. 72(a).  After reviewing objections to a magistrate judge's order, the district court

will modify or set aside the order only if it is clearly erroneous or contrary to law.  The clear error

standard is highly deferential, permitting reversal only when the district court "is left with the

definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co.,*

*Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## II.    BACKGROUND

Valley Forge initiated this miscellaneous matter, which began from an Order by this Court

compelling Keramida, an environmental remediation firm, to respond to a non-party subpoena that

requested the production of certain internal documents. Valley Forge requested documents from

Keramida, which was working as an environmental remediation contractor for Hartford Iron[1].

Valley Forge and Hartford Iron are also involved in underlying litigation in the United States

District Court for the Northern District of Indiana ("Northern District").  That underlying litigation

---

[1] Keramida alleges that it was forced off the project essentially due to mounting legal costs associated with discovery
in this case due to the conduct of Valley Forge's litigation tactics.  (Filing No. 69 at 9.)

involves an environmental cleanup at Hartford Iron's scrap metal plant. Keramida was hired as a contractor after the underlying litigation was well underway. (Filing No. 27 at 2.) As one of the insurers involved, Valley Forge is required to help fund the environmental remediation of the Hartford Iron site.

After serving the non-party subpoena on Keramida and receiving no response, Valley Forge filed a Motion to Compel in this Court. (Filing No. 1.) The Court referred Valley Forge's Motion to Compel to Magistrate Judge Debra McVicker Lynch, for a decision. On January 11, 2016, the Magistrate Judge issued an Order denying the Motion to Compel and also denying the related requests to strike a responsive filing and for sanctions (Filing No. 15). Valley Forge timely filed its Objections to the Order fourteen days later on January 25, 2016 (Filing No. 17). On April 19, 2016, this Court, granted in part Valley Forge's Motion to Compel, ordering Keramida to respond to all but two of Valley Forge's document requests (expressly identified as "Keramida's files, Keramida's records, Keramida's correspondence files, and Keramida's accounting information") within thirty days as modified, in the Court's Order (Filing No. 24) (the "April Order"). Keramida gathered the responsive documents which were then reviewed by counsel for Hartford Iron because Hartford Iron believed that some documents were privileged (either protected by the attorney-client privilege or the work product doctrine). (Filing No. 68 at 7; Filing No. 69 at 12.) Hartford Iron's counsel then pulled the privileged documents from Keramida's production and prepared a privilege log describing them. (Filing No. 66 at 3.) On May 19, 2016, Keramida produced the responsive, unprivileged documents to Valley Forge along with the accompanying privilege log.[2] (Filing No. 69 at 12.) The document production consisted of 1,097

---

[2] Although Keramida was ultimately ordered to produce responsive documents, Hartford Iron initially objected to the subpoena against Keramida on the basis of work product privilege as part of its objections to Keramida's production. (Filing No. 4-2 at 2-3.)

pages of paper documents, a flash drive containing 1.2 gigabytes in 601 electronic files, and a document-by-document privilege log. (Filing No. 69 at 7.) It also withheld more than 60 relevant and responsive documents on the basis of "trial preparation." (Filing No. 25 at 3.)

Meanwhile, discovery in the underlying litigation in the Northern District continued. In that litigation, instead of Keramida being the subject of discovery requests, Hartford Iron was the subject of Valley Forge's discovery requests. (Filing No. 69 at 7.) Hartford Iron provided an initial privilege log listing its Keramida communications on January 8, 2016. *Id.* at 8. Valley Forge objected to Hartford Iron's responses and privilege log, and thereafter filed a Motion to Compel in the Northern District on May 27, 2016. *Id.* Ultimately, Magistrate Judge Susan Collins conducted an *in camera* review (at Valley Forge's request petitioned on December 28, 2016), as the parties could not work out their discovery dispute over the privileged documents. (Filing No. 61-1.) This *in camera* review included communications between Hartford Iron and Keramida asserted as privileged by Hartford Iron. *Id.* at 4.

On December 22, 2016, more than seven months after Keramida's May 19, 2016 production, Valley Forge filed a Motion for Show Cause in this Court, arguing the very issue before the Court now: Keramida had failed to comply with this Court's April Order (Filing No. 25). As that motion was pending, Hartford Iron filed a Motion to Transfer the Case to the Northern District pursuant to Fed. R. Civ. P. 45(f), arguing that the Northern District was considering the same discovery issues being argued here. (Filing No. 30.) Magistrate Judge Lynch denied Hartford Iron's Motion to Transfer, concluding that Rule 45 does not contemplate this type of subpoena-related motion. (Filing No. 45 at 2-3.) However, Magistrate Judge Lynch's order included two sentences that Valley Forge took issue with, despite Valley Forge receiving a

favorable ruling. Valley Forge filed its second appeal, in this Court, to the following two sentences:

> This does not mean that the Northern District's decision on the privilege issues before it will have no bearing on the court's resolution of Valley Forge's motion [to show cause]. In fact, the court expects it to have some bearing; at least it will assist this court in evaluating all of the relevant circumstances surrounding the issues before this court.

*Id.* at 4. In its objection, Valley Forge contended that this language would create a *de facto* motion for reconsideration of this Court's April Order. ([Filing No. 48](#).) On June 27, 2017, this Court overruled Valley Forge's objection. ([Filing No. 65](#).) Specifically, this Court stated,

> The Court does not conclude that these two sentences of dicta somehow "rewrite" the Court's April 19 order, and the Court notes that Valley Forge remains free to argue to the Magistrate Judge that she should not consider (for whatever reasons) the Northern District's conclusions when she evaluates the show cause motion.

*Id.* at 5.

On June 29, 2017, Valley Forge's issue with the Magistrate Judge's dicta became ripe as she ruled that the Northern District's *in camera* review did in fact concern *exactly the same specific documents* at issue in the Southern District in denying Valley Forge's Motion for Show Cause. ([Filing No. 66 at 5](#).) She also noted that Valley Forge had filed objections to Magistrate Judge Collins' *in camera* review, and that Northern District Judge William C. Lee ("Judge Lee") will rule on those objections. *Id.* On July 12, 2017, Valley Forge appealed Magistrate Judge Lynch's decision to this Court, which is the subject of the present (related) action. ([Filing No. 68](#).) On October 16, 2017, Judge Lee overruled Valley Forge's objections noting that Magistrate Judge Collins' order was "bulletproof" and a "meticulous 37-page opinion, which includes an 11-page itemized list of each disputed communication and Judge Collins' ruling as to each." ([Filing No. 72-1](#).)

### III.  DISCUSSION

The Court will address Hartford Iron's and Keramida's Joint Motion to Strike (Filing No. 76) before turning the merits of Valley Forge's Appeal of the magistrate order.

### A.      Motion to Strike

Hartford Iron contends that Valley Forge submitted two improper ECF filings at ECF 73 and ECF 75 (Filing No. 73; Filing No. 75).  Specifically, Hartford Iron states Valley Forge engaged in calculated gaming of the Court's ECF system:

> [Valley Forge] improperly filed its brief and exhibits as a purported "Response" to a 2-page motion for surreply filed by Hartford Iron and Keramida four months earlier (ECF 71). Insurer then filed a second round of briefing and exhibits at ECF 75, using the improper filing category of "Statement." In both instances, the electronic category is intentionally misleading.

(Filing No. 78 at 1).

In response, Valley Forge offers the deposition of Keramida's corporate designee, which it argues confirms that Keramida did not comply with the April Order from this Court.[3]  (Filing No. 77 at 1.)  The "Response" at ECF 73 explains in detail specifically what emails and internal documents are missing and attaches 301-pages of deposition testimony for the Court to consider in support.  (*See* Filing No. 77.)  As Valley Forge points out, it has "consistently argued that Keramida did not produce or log its 'internal' documents despite being expressly ordered to do so in the Court's April 19, 2016 Order."  (Filing No. 73 at 1.)  This also means that the Court has Valley Forge's argument that the internal documents were not in fact produced in other properly filed ECF filings and the Court will consider that argument on the merits.  Tellingly, Valley Forge's "Response Supplement of Additional Authority/Evidence" was filed approximately four months after Hartford Iron's Surreply, and one month after Hartford Iron's citation of additional authority

---

[3] The deposition was originally submitted in ECF 73 (Filing No. 73).

from the Northern District case, which affirmed Magistrate Judge Collins' *in camera* review of documents. These are the set of documents that Magistrate Judge Lynch found were, critically, exactly the same documents at issue in this case. The Court need not consider this improperly and belatedly filed "Response", including the attached deposition.

Valley Forge has been chastised by multiple judges in both the Northern and Southern Districts of Indiana for its abusive filings. Magistrate Judge Lynch aptly described the waste of judicial resources in this case. "In addition, and importantly, Valley Forge's attempt to obtain the privilege-logged documents via a waiver argument in its show cause motion in this court represents an inappropriate use, and the squandering, of judicial resources." (Filing No. 66 at 4.) This is a particularly accurate characterization where this Court has previously ruled that the Magistrate Judge's evaluation and consideration of the Northern District's *in camera* review would *not* rewrite this Court's April Order. (Filing No. 65 at 5.) On October 16, 2017, Judge Lee noted in a footnote, that "[a]s of the date of this Opinion and Order, this case is now fast approaching its fourth birthday and the docket has over 720 entries." (Filing No. 72-1 at 4.)

While the number of extensive filings in both the Northern and Southern District courts cannot be attributed completely to Valley Forge, a substantial number of magistrate judge appeals were filed by Valley Forge. *See* Filing No. 71 at 1 ("Hartford Iron & Metal, Inc. (Hartford Iron) and Keramida, Inc. (Keramida) respectfully ask the Court to consider the following surreply point concerning the record as it applies to the plaintiff Insurer's fifth district court appeal of a Magistrate Judge decision in this matter." (Emphasis in original.)) In denying Valley Forge's motion to amend, Magistrate Judge Collins noted that Valley Forge unduly delayed in seeking to amend and that the amended complaint would add an entirely new claim against a new defendant in materially disrupting deadlines. (Filing No. 72-1 at 5.)

Turning to ECF 75, Valley Forge asserts that Hartford Iron has violated Rule 3.3 of the Indiana Rules of Professional Conduct ("IRPC") in knowingly making false statements in Hartford Iron's Response (Filing No. 74). Specifically, Valley Forge states that Hartford Iron misrepresents Keramida's corporate designee's deposition testimony and emails about other alleged missing internal documents from Eric Foster. (Filing No. 75 at 2.) It is a thinly-veiled attempt to rehash Valley Forge's argument that Keramida did not produce all of its internal documents in compliance with this Court's April Order. The Magistrate Judge correctly and summarily, dismissed this argument in denying Valley Forge's Motion for Show Cause when she held that Valley Forge never raised this argument (or met to confer with Keramida) until it filed is show cause motion seven months after Keramida's production. (Filing No. 66 at 2.) Thus, her Order focused on whether the court should order Keramida to produce the document subset logged as privileged. *Id.*

It is highly inappropriate to raise IRPC misconduct, through an improperly and misleading ECF filing, to substantively rebut Hartford Iron's argument that Keramida's unprivileged internal documents were produced. If Valley Forge believes Hartford Iron has violated IRPC 3.3, then filing a complaint with the Indiana Supreme Court Disciplinary Commission is the appropriate avenue. This Court will focus on the substance of the parties' arguments and what was actually before the Magistrate Judge when she issued her ruling. "Given that the Court is reviewing the Magistrate Judge's Order, reliance on arguments or evidence not presented to the Magistrate Judge is impermissible." *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.,* No. 1:13-CV-01316-JMS, 2015 WL 1013952, at *2 (S.D. Ind. Mar. 9, 2015) ("The parties' briefing, especially Travelers', treats the Court's review of the Magistrate Judge's decision as an opportunity for *de novo* presentation and review. It is not. To invoke schoolyard vernacular: no do-overs.")

ECF 73 and 75 were improper and belatedly filed. Valley Forge should have requested leave from the Court before filing these belated filings, and the improper headings appear to be "intentional gaming of the system" as Hartford Iron suggests. Because ECF 73 and 75 attempt to introduce extensive briefing and exhibits that were not before the Magistrate Judge when she issued her show cause order, the Court strikes ECF 73 and 75 from the record.

**B.**     **<u>Appeal of Magistrate's Show Cause Order</u>**

Valley Forge contends that Hartford Iron failed to assert a privilege with respect to its subpoena for Keramida's documents and that the privileged documents at issue in the Northern District case are not the same as the privileged documents at issue in this case. (Filing No. 68 at 4.) The Magistrate Judge correctly rejected Valley Forge's argument that this Court's April Order estopped Hartford Iron from ever making any privilege designations. (Filing No. 66 at 3, "The court rejects Valley Forge's argument because it is based on a stilted and unfair reading of the court's April Order.") The Magistrate Judge explained how privilege designations work. "So when Keramida for the first time served its documents in response to the subpoena following the April Order, privilege designations were made as to specific documents and a privilege log was created and served. That is how privilege designations typically are made—at the time of production." *Id.* at 3-4. The Court agrees with the Magistrate Judge's sound reasoning regarding this Court's April Order. The Court ordered Keramida to produce responsive documents, but neither Keramida nor Hartford Iron were forever estopped from making privilege designations. The Court also agrees with Magistrate Judge Lynch that "Valley Forge's attempt to obtain the privilege-logged documents via a waiver argument in its show cause motion [and now appeal of a magistrate order] in this court represents an inappropriate use, and the squandering, of judicial resources." *Id.* at 4.

While Hartford Iron did not produce its own privilege log with respect to Keramida's production, it reviewed and assisted with preparing Keramida's responsive documents which was an integral part of the privilege log that Keramida ultimately served. *Id.* at 3. Magistrate Judge Lynch appreciated this fact, and the Court agrees with her reasoning. Even if the Court were to find there were two permissible interpretations as to whether Hartford Iron failed to produce a privilege log, the Court would not find clear error on this basis. "[U]nder clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Range v. Devin Brubaker,* 2008 WL 4682614, at *1 (N.D. Ind. Oct. 20, 2008) (citation omitted).

The Magistrate Judge bolstered her opinion in denying Valley Forge's request to show cause, by the fact that the propriety of the privilege designations has been adjudicated in the Northern District. Filing No. 66 at 4. ("In the underlying case, Magistrate Judge Susan Collins conducted an *in camera* review of documents Hartford Iron asserted were privileged, including the approximately 60 documents Valley Forge contends should have been produced by Keramida. She then issued a 34-page Opinion and Order on April 14, 2017, analyzing the privilege issues in detail and ruling on the propriety of the privilege designations for each document."). Magistrate Judge Lynch also noted that Judge Lee would rule on Valley Forge's objections to Magistrate Judge Collins' order. As previously noted, this is not the first time that Valley Forge has objected to Magistrate Judge Lynch's inclusion of the Northern District case into her analysis in settling the discovery issue at hand. She first indicated that it may have a bearing on this case and help with evaluating privilege disputes in her motion to transfer order, which this Court upheld on Valley Forge's appeal. (Filing No. 45 at 4.)

True to her word, Magistrate Judge Lynch evaluated Magistrate Judge Collins' order (and concluded the privileged documents were the same in both cases) and issued a harsh criticism to Valley Forge in denying Valley Forge's Motion for Show Cause.

> This court need not countenance this waste of judicial resources. This court and the Northern District of Indiana are busy courts. It is not appropriate for a litigant (like Valley Forge) to file motions to obtain *exactly the same specific documents* in two different courts. And it is not appropriate for a litigant (like Valley Forge) to expect a different result from this court than the result it received in the Northern District of Indiana—after that court has expended substantial resources reviewing documents *in camera* and issuing a 34-page order, and then adjudicating objections to the 34-page order. Valley Forge will get the privilege-logged documents—from Hartford Iron—to the extent that the District Court for the Northern District of Indiana adjudicates it is entitled to them.

(Filing No. 66 at 5) (emphasis in original). To be clear, Keramida was the subject of the subpoena in this Court, while Hartford Iron was the subject of the subpoena in the Northern District. However, the issue is not that Keramida did not make *any* production, although Valley Forge unsuccessfully tried to argue the production was inadequate through improperly and belatedly filed briefings. Rather, the issue concerns the privilege-logged documents that were prepared by Hartford Iron's counsel (although Hartford Iron did not prepare its own privilege-log in this discovery dispute), but ultimately produced by Keramida, the party subject to the subpoena. (Filing No. 68 at 12.)

Judge Lee succinctly described the backdrop of this case, which becomes important in resolving the issue before this Court.

> The factual background of this case is very complicated and known to the parties, and thus, the Court will not set forth a detailed factual summary here. . . Likewise, for present purposes, it is sufficient to understand that the Defendants owned and operated a scrap metal recycling business, that they entered into a settlement agreement 'concern[ing] environmental matters involving [Defendants] and the Indiana Department of Environmental Management[,] and that Valley Forge 'brought this action seeking a declaration of the parties' rights and duties under the settlement agreement and for breach of that settlement agreement.' . . . Simply put,

> this lawsuit is a battle to determine who has to pony up, and how much, to pay for the remediation work conducted on Defendant's property.

(Filing No. 72-1 at 3.) The subject of the subpoenaed documents and requests for production were generally related to the relationship between Keramida and Hartford Iron. (Filing No. 25 at 1.) Keramida, was once the environmental consultant hired to do remediation work for Hartford Iron. (Filing No. 27 at 2.) Keramida is no longer on the project, due to mounting legal costs related to discovery. (Filing No. 69 at 9.) Although different parties were subpoenaed in this case and the underlying litigation, communications between Hartford Iron and Keramida were logged as privileged documents either under the work product doctrine or attorney client privileged. Hartford Iron was involved in the creation of a privilege log in both cases, either by assisting in creating it or actually producing it. Thus, Magistrate Judge Lynch reasonably concluded that the approximately 60 privilege-logged documents that Keramida withheld from its production in this Court, were included in Hartford Iron's (the real party in interest and now the only party with a stake in the outcome) more expansive production in the Northern District case in which Magistrate Judge Collins conducted an *in camera* review to resolve privilege disputes. (Filing No. 66 at 5.) While there would have been internal documents that only Keramida possessed, these documents were produced on May 19, 2016. At issue in this case are the privilege-logged documents. Therefore, Magistrate Judge Lynch correctly reasoned that the exact same set of privileged-logged documents concerning communications between Keramida and Hartford Iron (regardless of which perspective the privilege is viewed from) had already been subjected to *in camera* review in the Northern District, in which Hartford Iron produced and preserved the privilege. To further clarify, as between communications between Hartford Iron and Keramida, there is a sender and a receiver of those communications (which have both been subpoenaed in both cases). If the attorneys did their jobs correctly, the privileged-logged documents under the work product doctrine *should* be

the same and capture the entire string of communications between Keramida and Hartford Iron, particularly so where Hartford Iron's counsel was involved in preparing privilege logs for both Keramida and Hartford Iron.

The Court does not accept Valley Forge's argument that Keramida's privilege-logged documents in this case are different from Hartford Iron's privilege-logged documents at issue in the underlying case. But even if the Court did accept Valley Forge's assertion, the Court is also unpersuaded that Valley Forge's seven-month delay in filing its Motion for Show Cause[4] against Keramida's May 19, 2016 production was anything but forum-shopping. Accordingly, the Court finds no error in Magistrate Judge Lynch's Order, and **overrules** Valley Forge's objections.

## IV. **CONCLUSION**

For the reasons above, the Court **OVERRULES** Valley Forge's objection to the Magistrate Judge's Order on the Motion to Show Cause (Filing No. 68) and **GRANTS** Hartford Iron's and Keramida's Joint Motion to Strike (Filing No. 76).

**SO ORDERED.**

Date: 4/25/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[4] Valley Forge's Motion for Show Cause (Filing No. 25) was filed eleven days after receiving Magistrate Judge Collins' *in camera* review order, which overruled Valley Forge's objections to Hartford Iron's assertion of work product privileges with regards to communications between Hartford Iron and Keramida.

DISTRIBUTION:

Richard A. Hodyl, Jr.
HINKHOUSE WILLIAMS WALSH LLP
rhodyl@hww-law.com

Joshua A. Boggioni
HINKHOUSE WILLIAMS WALSH, LLP
jboggioni@hww-law.com

Philip Edward Kalamaros
HUNT SUEDHOFF KALAMAROS
pkalamaros@hsk-law.com

Mark Eliot Shere
ms@sherelaw.com

Dan L. Strahl
dstrahl@strahlapple.com

R. Robert Stommel
STOMMEL LAW GROUP
bob@stommel.com